IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00618

SELFLINK, LLC, a Colorado Limited Liability Company,

  Plaintiff,

v.

TEXTRON SYSTEMS CORPORATION, a Delaware Corporation;
ADT SECURITY SERVICES, INC., a Delaware Corporation;
UTC FIRE & SECURITY CORPORATION, a Delaware Corporation;
FLUKE ELECTRONICS CORPORATION, a Delaware Corporation; and
BRK BRANDS, INC. d/b/a FIRST ALERT, INC., a Delaware Corporation;

  Defendants.

---

## PROTECTIVE ORDER IN A PATENT CASE

---

### Proceedings and Information Governed.

  1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs any Discovery Materials designated as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only, as those terms are defined below, furnished by Plaintiff or Defendant (each hereinafter a "Party") to any other Party in the above styled and numbered case (the "Litigation"). This Protective Order further applies to any non-party ("Third Party") who produces documents or things in connection with this Litigation regardless of whether such production is made pursuant to subpoena.

### Definitions.

  2. (a) "Discovery Materials" means anything produced or provided by any Party to another Party or by any Third Party to a Party in this Litigation, including, but not limited to, documents, things, deposition testimony, responses to interrogatories, responses to requests for

81270319.1

admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, source code, and other writings or things produced, given, served, or filed in this Litigation, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

(b)     "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery or by court order, during the course of this Litigation.

(c)     "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the course of this Litigation.

(d)     A designation of "Confidential" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.

(e)     A designation of "Confidential Attorneys' Eyes Only" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, information that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive or trade secret information.

(f)     "Confidential Source Code - Attorneys' Eyes Only", shall mean that the Discovery Material so designated refers to and includes confidential source code, source code comments and information deemed by any designating party to constitute sensitive source code technical information.

### Designation and Maintenance of Information.

3.      Confidential, Confidential Attorneys' Eyes Only and Confidential Source Code - Attorneys' Eyes Only information does not include, and this Protective Order does not apply to (1) information that is already lawfully in the knowledge or possession of the Receiving Party, unless that Party is already bound by agreement not to disclose such information, or (2) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(d) above may be designated by the Producing Party as containing Confidential information by placing on each page and each thing a legend substantially as follows:

### "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"

In the event that a Party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

5.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(e) above may be designated by the Producing Party as containing Confidential Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

In the event that a Party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

6.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(f) above may be designated by the Producing Party as containing Confidential Source Code - Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" or**

**"CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY SUBJECT TO**

**PROTECTIVE ORDER"**

In the event that a Party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

7.     A Party may designate Discovery Materials disclosed at a deposition as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any Party will have twenty one (21) calendar days after receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only. During this twenty one (21) calendar-day period, the transcript must be treated as Confidential Attorneys' Eyes Only, unless the Producing Party consents to

less confidential treatment of all or some of the transcript. If no such designation is made at the time of the deposition or within this twenty one (21) calendar day period, the entire deposition will be considered devoid of Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of outside counsel of record for each Party to maintain materials containing Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Inadvertent Failure to Designate or Claim Privilege.

8.      (a) The inadvertent failure to designate Discovery Materials in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its confidential or privileged nature. In the case of a failure to designate Discovery Materials under the Protective Order, such failure shall not preclude the Producing Party from making appropriate designations at a later date in writing and with particularity. The newly designated information must be treated by any Receiving Party in accordance with its new designation from the time the Receiving Party is notified in writing of the change.

(b)      If a Producing Party inadvertently discloses to a Receiving Party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise privileged or immune from discovery, the Producing Party shall promptly, upon learning of such

disclosure, so advise the Receiving Party in writing. Should the Receiving Party reasonably believe that the Producing Party inadvertently produced privileged Discovery Materials, the Receiving Party shall promptly notify the Producing Party in writing. The Producing Party shall respond within fourteen (14) calendar days confirming the privilege status of the Discovery Materials in question. If the Producing Party notifies the Receiving Party that the inadvertently produced Discovery Materials are privileged, then the Receiving Party shall return all of the identified Discovery Materials within fourteen (14) calendar days of receipt of the notice from the Producing Party that the Discovery Materials in question are privileged. The notice from the Producing Party shall include a privilege log for the inadvertently produced materials to the Receiving Party. No Party to this Litigation shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. The Party returning such inadvertently produced Discovery Materials may seek production of any such documents in accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question), but in so doing may not assert that the inadvertent production by the Producing Party waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. Outside counsel of record shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

## Challenge to Designations.

9.      A Receiving Party may challenge a Producing Party's designation of information as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. A Receiving Party that elects to initiate a challenge must do so in good faith and explain in writing the basis for its belief that the confidentiality designation was improper. The Producing Party will then have fourteen (14) calendar days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of *KLM* this fourteen (14) calendar day time-frame, the Receiving Party may at any time thereafter seek *pursuant to MJ Mix's discovery procedures.* an order to alter the confidential or privileged status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the Producing Party's designation will remain in full force and effect, and the information will continue to be accorded the designated level of confidential treatment required by this Protective Order. The Producing Party shall have the burden of persuading the Court that the designation of materials as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only is appropriate.

### Disclosure and Use of Confidential Information.

10.    Absent agreement in writing by the Producing Party or Order of the Court, information designated as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only may only be used for purposes of preparation, trial, and appeal of this Litigation, which use DOES NOT include competitive purposes, generating invention disclosure statements, seeking patent protection, and participating in the prosecution of patent applications. This Protective Order has no effect upon and shall not apply to (a) any Producing Party's use of its own Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only materials for any purpose, (b) any use of

documents or other information developed or obtained independently of discovery in this Litigation for any purpose, or (c) non-confidential documents produced in this Litigation.

11.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client in this Litigation and, in the course thereof, relying upon such attorney's knowledge of Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information; provided, however, that counsel shall not disclose the substance of Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information in a manner not specifically authorized under this Protective Order.

12.     Subject to paragraph 16 below, and except as prohibited by paragraph 10 above, information designated Confidential may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the Receiving Party (or an affiliate thereof in the case of a corporate Party) who are in good faith providing assistance in the conduct of this Litigation, including any settlement discussions; (b) in-house counsel of a Party (or an affiliate thereof in the case of a corporate Party); (c) outside counsel of record who have an entered an appearance in the Litigation for the Receiving Party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) outside, independent experts or consultants who are not employees or officers the parties; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel

of record's use only; (g) the court and its personnel; and (h) those individuals permitted under paragraph 19(b).

13.     Subject to paragraph 16 below, and except as prohibited by paragraph 10 above, information designated as Confidential Attorneys' Eyes Only may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:; (a) outside counsel of record who have entered an appearance in the Litigation for the Receiving Party; (b) supporting personnel employed by (a) , such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (c) outside, independent experts or consultants who are not employees or officers of the parties; (d) any persons requested by outside counsel of record to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only; (e) the court and its personnel; and (f) those individuals permitted under paragraph 17(b).

Notwithstanding any other provision in this Protective Order: any person ~~that~~ who is not an outside, independent consultant or expert and ~~that~~ who directly or indirectly participates, or has directly or indirectly participated at any time since January 1, 2005 in patent prosecution in the fields of smoke, fire, heat, carbon monoxide or security alarms or their related hardware and software, including the subject matter of the ~~of~~ claims and disclosures of the patents-in-suit in the Litigation, is NOT permitted to access information that is designated "Confidential – Attorneys' Eyes Only" unless such information has been produced by the party for whom, or on whose behalf, such person works.  For the avoidance of doubt, these persons include individuals associated with the filing or prosecution of the patent applications that matured into the patents-

KLM

in-suit in the Litigation, and any continuing applications therefrom, who do not qualify herein as outside, independent consultants or experts.  These individuals include:

    i.    Each inventor named in said application(s);

    ii.    Each attorney or agent who prepares or prosecutes said applications(s); and

    iii.    Every other person who is substantively involved in the preparation or prosecution of said application(s) and who is associated with the inventors, with the assignee or with anyone to whom there is an obligation to assign said application(s).

    14.    Subject to paragraph 16 below, and except as prohibited by paragraph 10 above, information designated as Confidential Source Code - Attorneys' Eyes Only may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel of record who have entered an appearance in the Litigation for the Receiving Party; (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (c) outside, independent experts or consultants who are not employees or officers of the parties; (d) any persons requested by outside counsel of record to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only; (e) the court and its personnel; and (g) those individuals permitted under paragraph 19(b).

With respect to "Confidential Source Code - Attorneys' Eyes Only" information, the following additional provisions shall apply:

a.      The designating party shall make available properly discoverable source code in its possession, custody or control at the Denver, Colorado offices of its legal counsel, or at a mutually agreed location.      The designating party shall also provide one (1) password-protected electronic copy of properly discoverable source code to outside legal counsel for each side. "Side" means a party or group of parties with a common interest. The electronic copy of source code shall be securely maintained in a locked room or cabinet at the office of outside counsel of the receiving party when not in use. At the conclusion of this action (including any appeals) and unless the Court otherwise orders, the electronic copy of source code shall be returned to the producing party.

b.      A receiving party shall not make any electronic copies of source code, in whole or in part. This section does not preclude the creation of temporary copies that are made in the normal operation of the computer on which the source code resides or the creation of temporary output files created on the computer on which the source code resides through the use of software tools used to view and search source code.

c.      The receiving party of source code may print paper excerpts of source code subject to the following conditions: (i) only portions of source code necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Confidential Source Code - Attorneys' Eyes Only" information may be printed; and (ii) such other uses to which the Parties may agree or that the Court may order. When inspecting the source code at the Denver, Colorado offices of legal counsel for the designating party, or at a mutually agreed location, the receiving party shall be allowed to print paper copies of the source code. Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time. Upon printing of any

portion of source code, the receiving party shall clearly label each page of any copies printed by the receiving party as "Confidential Source Code - Attorneys' Eyes Only" and give each page a unique identification number.  Upon printing of any portion of the source code, the receiving party may make one (1) additional copy of the printed source code pages for internal use.  All printed copies of source code shall be securely maintained in a locked room or cabinet at the office of outside counsel of the receiving party when not in use and shall be destroyed as soon as they are no longer needed.  Printed copies of source code may be reviewed at the office of outside counsel of the receiving party by outside counsel or the receiving party's experts, but may not be removed from the office of outside counsel except that copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Confidential Source Code - Attorneys' Eyes Only" information if necessary. In addition to the foregoing, upon printing any portion of the source code, the receiving party shall maintain a log that includes, at a minimum (a) the portion(s) of the source code printed, (b) the intended use of the printed portion(s) of source code, and (c) the location of any printed portion of the source code that is not maintained in a secure area of the outside counsel for the receiving party (e.g., in possession of an expert or consultant of the receiving party).

       d.    At the conclusion of this action (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be, at the designating party's sole discretion, destroyed with confirmation or returned to the designating party.

       e.    Notwithstanding any other provision in this Protective Order: any person who is not an outside, independent consultant or expert and who directly or indirectly participates, or has directly or indirectly participated at any time since January 1, 2005 in patent prosecution in the fields of smoke, fire, heat, carbon monoxide or security alarms or their related hardware

and software, including the subject matter of the of claims and disclosures of the patents-in-suit in the Litigation, is NOT permitted to access information that is designated "Confidential Source Code - Attorneys' Eyes Only" unless such information has been produced by the party for whom, or on whose behalf, such person works. For the avoidance of doubt, these persons include individuals associated with the filing or prosecution of the patent applications that matured into the patents-in-suit in the Litigation, and any continuing applications therefrom, who do not qualify herein as outside, independent consultants or experts. These individuals include:

     iv.    Each inventor named in said application(s);

     v.    Each attorney or agent who prepares or prosecutes said applications(s); and

     vi.    Every other person who is substantively involved in the preparation or prosecution of said application(s) and who is associated with the inventors, with the assignee or with anyone to whom there is an obligation to assign said application(s).

### Patent Prosecution Bar

15.    Notwithstanding any other provision in this Protective Order:

(a)    Except as otherwise provided herein, any person that has had any access to information that is designated "Confidential Attorneys' Eyes Only," or "Confidential Source Code - Attorneys' Eyes Only" produced by a party adverse to party for whom, or on whose behalf, such person works, shall NOT directly or indirectly participate in patent prosecution or in preparing invention disclosure statements in the fields of smoke, fire, heat, carbon monoxide or security alarms or their related hardware and software, including the subject matter of the *KLM* claims and disclosures of the patents-in-suit in the Litigation. The foregoing patent prosecution bar does not apply to outside, independent consultants and experts. The restriction extends for a

period of three years after the conclusion of the Litigation, including any appeals.  In the event a receiving party reasonably believes that the information designated "Confidential Attorneys' Eyes Only," or "Confidential Source Code - Attorneys' Eyes Only" should be disclosed to one or more employees of the receiving party, and is (a) not of a technical nature, and/or (b) necessary for settlement of this case, the receiving party may request permission from the designating party that the information be disclosed to the one or more employees of the receiving party without invoking the foregoing patent prosecution bar.  Any such request shall be made in writing to outside counsel for the designating party.  The designating party shall have the sole discretion to grant or deny such permission.

(b)     The patent prosecution restriction of paragraph 15(a) is not imputed to any person who that has not had actual access to information that is designated "Confidential," "Confidential Attorneys' Eyes Only," or "Confidential Source Code - Attorneys' Eyes Only" produced by a party adverse to a party for whom, or on whose behalf, such person works.  Additionally, the patent prosecution restriction of paragraph 15(a) is not intended to prevent an outside, independent consultant or expert from generating invention disclosure statements, seeking patent protection and participating in the prosecution of patent applications directed to inventions the independent consultant or expert conceived and derived independently from any information designated "Confidential," "Confidential Attorneys' Eyes Only," or "Confidential Source Code - Attorneys' Eyes Only" produced by a party adverse to a party for whom, or on whose behalf, such person works, so long as no information designated "Confidential," "Confidential Attorneys' Eyes Only," "Confidential Source Code - Attorneys' Eyes Only" to which the consultant or expert has had access to is directly or indirectly incorporated or used in any such patent prosecution.

16.     Further, prior to disclosing Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information to a Receiving Party's proposed expert, consultant, or employee, as applicable, the Receiving Party must provide to the Producing Party a signed Confidentiality Agreement in the form attached to this Protective Order as Exhibit A.  Additionally, prior to disclosure of any Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information to a Receiving Party's proposed expert or consultant, the receiving party must provide the following to the designating party:   (a) the resume or curriculum vitae of the proposed expert or consultant, including identifying the proposed expert's or consultant's current employer, (b) the proposed expert's or consultant's current and past consulting relationships in the industry, and (c) a listing of cases in which the proposed expert or consultant has testified as an expert at trial or by deposition within the preceding four years preceding the date on which the expert or consultant executes Exhibit A. The Producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the Parties are unable to resolve any objection, the Receiving Party may apply to the Court to resolve the matter. *pursuant to MJ Mix's discovery procedures.* There will be no *KLM* disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the Producing Party, or, if any objection is made, until the Parties have resolved the objection or the Court has ruled upon any resultant motion.

17.     Outside counsel of record is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Outside counsel of record may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B,

but failure to obtain an executed copy of Exhibit B from a third-party vendor shall not absolve (a) the third-party vendor from abiding by the terms of this Protective Order; or (b) outside counsel of record from ensuring compliance with this Protective Order by third-party vendors.

18.    Confidential, Confidential Attorneys' Eyes Only or Confidential Source Code - Attorneys' Eyes Only information may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or (b) outside counsel of record for the Party designating the material agrees in writing that the material may be disclosed to the person. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

### Disclosure to Witnesses.

19.    (a) Any person currently employed by a Party, retained as an expert witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P. 30(b)(6) may be examined upon deposition concerning any Discovery Materials designated by such Party as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only.

(b)    Any person other than those identified in paragraph 19(a) who is or may be a witness may be examined upon deposition concerning any Discovery Materials marked Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only, only if the document or other Discovery Material indicates on its face that the person was an author, addressee or recipient of the document, the document came from such person's files, or prior deposition testimony reveals that the person was provided with or had access to the document, or if the witness is someone entitled to see the document pursuant to paragraphs 12, 13 or 14 above.

**Non-Party Information.**

20.     The existence of this Protective Order must be disclosed to any Third Party producing Discovery Materials in the Litigation who may reasonably be expected to desire confidential treatment for such Discovery Materials. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

21.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Confidential, or Confidential Attorneys' Eyes Only, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.  In accordance with D.C. Colo. LCivR 7.2C, a Party designating such filed materials as Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only shall move to seal those materials within 14 days.

**No Prejudice.**

22.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any Party that any particular Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only Discovery Materials contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or

material; or (f) operate as an admission by any Party that any particular Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information is admissible.

### Conclusion of Litigation.

23.     Within sixty (60) calendar days after entry of final judgment in this Litigation, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement or otherwise, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all Discovery Materials containing Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information, and to certify to the Producing Party that this destruction or return has been completed. However, outside counsel of record for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Other Proceedings.

24.     By entering this Protective Order and limiting the disclosure of Discovery Materials in this Litigation, the Court does not intend to preclude this or another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who may be subject to a motion to disclose another Party's information designated under this Protective Order must promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## Remedies.

25.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

26.     Any Party may petition the Court for good cause shown if the Party desires relief from a term or condition of this Protective Order.


_Kristen J. Mix_     9/6/11

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:11-cv-00618

SELFLINK, LLC, a Colorado Limited Liability Company,

     Plaintiff,

v.

TEXTRON SYSTEMS CORPORATION, a Delaware Corporation;
ADT SECURITY SERVICES, INC., a Delaware Corporation;
UTC FIRE & SECURITY CORPORATION, a Delaware Corporation;
FLUKE ELECTRONICS CORPORATION, a Delaware Corporation; and
BRK BRANDS, INC. d/b/a FIRST ALERT, INC., a Delaware Corporation;

     Defendants.

---

## PROTECTIVE ORDER IN A PATENT CASE

---

### EXHIBIT A

### CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEE OF ANY PARTY

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "Confidential," "Confidential Attorneys' Eyes Only," or Confidential Source Code - Attorneys' Eyes Only as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

81270319.1

I agree not to use any Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Pursuant to paragraph 16 of the attached Protective Order, I have attached (a) my current resume or curriculum vitae, which identifies my current employer, (b) my current and past consulting relationships in the industry, and (c) a listing of cases in which I have testified as an expert at trial or by deposition within the preceding four years.

I understand that I am to retain all documents or materials designated as or containing Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential, Confidential Attorneys' Eyes Only, or Confidential Source Code - Attorneys' Eyes Only information are to be returned to counsel who provided me with such documents and materials.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00618

SELFLINK, LLC, a Colorado Limited Liability Company,

      Plaintiff,

v.

TEXTRON SYSTEMS CORPORATION, a Delaware Corporation;
ADT SECURITY SERVICES, INC., a Delaware Corporation;
UTC FIRE & SECURITY CORPORATION, a Delaware Corporation;
FLUKE ELECTRONICS CORPORATION, a Delaware Corporation; and
BRK BRANDS, INC. d/b/a FIRST ALERT, INC., a Delaware Corporation;

      Defendants.

---

## PROTECTIVE ORDER IN A PATENT CASE

### EXHIBIT B

### CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "Confidential" or

"Confidential Attorneys' Eyes Only," as defined in the Protective Order entered in this

Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be

bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective

Order.

I agree not to use any Confidential, Confidential Attorneys' Eyes Only, or Confidential

Source Code - Attorneys' Eyes Only information disclosed to me pursuant to the Protective

Order except for purposes of this Litigation and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____